State v. Dickens, 23 N. M. 26.

[No. 1919. July 31, 1917.]

## STATE v. DICKENS.

### SYLABUS BY THE COURT.

1. The standard by which the jury must determine the reasonableness of belief of accused that danger is so apparently imminent that he must act in self-defense is that of an

ordinary person of firmness, reason and prudence; not that such question should be determined from the standpoint of the accused.　　P. 29

2. Where immediately after slaying deceased, defendant justified his act upon the ground that deceased had used insulting language toward him, an instruction to the effect that provocation by words or mere threats or the use of abusive language by the deceased or concerning the defendant cannot justify or excuse the taking of human life.　　P. 29

3. It is not error for the court in instructing the jury, to define a deadly weapon in the terms of the statute.　　P. 29

4. Where a defendant testifies as a witness in his own behalf, if he desires an instruction to the effect that the statute makes him a competent witness, it is his duty to prepare such an instruction and tender it to the court.　　P. 30

5. Courts are not bound to give instructions which, even if correct, are merely cumulative and state in another form a proposition of law already given to the jury.　　P. 30

6. Under facts stated an instruction on murder in second degree held warranted.　　P. 30

Patton & Bratton, of Clovis, for appellant.

Design to kill should be apparent to the assailed; danger should be viewed from standpoint of assailed person and not a reasonable man.

Whar. Hom. § 286; Dawson v. State, 148 Ala. 672, 4 So. 803; Turner v. State, 4 Oklafl Cr. 164, 11 Pac. 988; Browilee v. State, (Tex.) 878 S. W. 1153; Swain v. State, (Tex.) 86 S. W. 335; State v. Cain, 20 W. Va. 679; State v. Evans, 33 W. Va. 417, 10 S. E. 792; Williford v. State, (Tex.) 42 S. W. 972; Blair v. State, 69 Ark. 558, 64 S. W. 948; Early v. Com., (Ky.) 70 S. W. 1061; Oakley v. Com., (Ky.) 11 S. W. 72; People v. Lennon, 71 Mich 298, 15 Am. St. Rep. 259, 38 N. W. 871; Amos v. Com., (Ky.) 28 S. W. 152; Rowsey v. Com., (Ky.) 76 S. W. 409; Louge v. Com., 38 Pa. 265, 80 Am. Dec. 481; Tillery v. State, (Tex.) 15 S. W. 842; Bonner v. State, (Tex.) 15 S. W. 821; Patten v. People, 18 Mich.

314, 100 Am. Dec. 173; Martin v. State, 17 Ohio C. C. 406.

We do not insist that this Court has gone to the extent of deciding this question according to our contention, but we do submit that the following strongly indicate that such view is entertained by our Supreme Court:

State v. Vansickel, (N. M.) 147 Pac. 457; Terr. v. Trapp, 16 N. M. 700, 120 Pac. 702; Terr. v. Cheaney, 16 N. M. 476, 120 Pac. 335.

Cause will be reversed when instructions are given not supported by the evidence and prejudicial to appellant.

Cutler v. Pittsburg, Min. Co. (Nev.) 116 Pac. 418; People v. Huntington, (Cal.) 70 Pac. 284; Martindale v. Stotler, 69 Kan. 77 Pac. 700; Mo. Pac. Ry. Co. v. Pierce, 33 Kan. 61, 5 Pac. 378; State Sav. Assn. v. Hunt, 17 Kan. 532; Raper v. Blair, 24 Kan. 374; State v. Shew, (Kan.) 57 Pac. 137.

Harry S. Bowman, Assistant Attorney General, for the State.

State v. Chesher, 22 N. M. 319, is decisive of proposition that danger must be viewed from standpoint of a reasonable man; not that of appellant.

Instructions on self-defense proper.

Territory vs. Baker, 4 N. M. 236, 267; Territory vs. Gonzales, 11 N. M. 301, 235; 68 Pac. 925, 930.

See also Williams vs. State, 120 Ga. 870; 48 S. E. 368.

## OPINION OF THE COURT.

ROBERTS, J.—Appellant was convicted of murder in the second degree, and the first point upon which he relies for a reversal is alleged error in instruction No. 14, given by the court of its own motion. This instruction dealt with the law of self-defense and made the stand-

ard of the defendant that of a reasonably courageous and prudent man. Appellant contends that the test to be applied as to appearance of danger is not whether or not the danger would have been apparent to a reasonable man, but was it reasonably apparent to the defendant?

[1] The prevailing rule in the United States is that the apprehension of danger and belief which will justify killing in self-defense must be a reasonable apprehension and belief, such as a reasonable man of courage or a reasonably courageous man would, under the circumstances, have entertained. The same question was before the court in the recent case of State v. Chesher, 161 Pac. 1108, and the court there held that:

"The standard by which the jury must determine the reasonableness of belief of accused that danger is so apparently imminent that he must act in self-defense is that of an ordinary person of firmness, reason and prudence; not that such question should be determined from the standpoint of the accused."

[2, 3] It is next urged that there was no evidence justifying the giving of instruction No. 17, which reads as follows:

"You are instructed that provocation by words or mere threats or the use of threatening or abusive language by the deceased to or concerning the accused, however insulting or aggravating the same might have been, cannot justify or excuse the taking of human life."

This argument is based upon the fact that the defendant upon the stand denied that there had been provocation by words or threats or the use of abusive or threatening language by the deceased, and that defendant did not base his right of self-defense upon the use of such words or threats. The evidence shows, however, that immediately after the killing defendant gave as a justification for his act, the fact that the deceased had called him a son of a bitch. No error was committed in giving this instruction under the evidence of the case. Objection is also made to the giving of instruction No. 11, which defined a deadly weapon. This instruction defined the term "deadly weapon" in almost the identical language of section 1707, hence is not subject to criticism.

[**6**] The court instructed the jury as to the law of murder in the second degree. This action of the court is assigned as error upon the assumption that there was no evidence in the record to sustain a verdict of murder in the second degree. The record, however, amply justifies the action of the court in so instructing. The testimony of the witness McFarland, to the effect that he saw the defendant walk over to the place where the deceased was standing and pick up the flatter, a heavy instrument of iron with a wooden handle, with which the deceased was killed, and strike him on the side of the head with this instrument, felling him to the ground, without any prior threatening act or move on the part of the deceased, furnished sufficient evidence alone to sustain the verdict of murder in the second degree and justify the giving of the instruction in question. Hence there is no merit in this contention.

[**4**] The court did not give the customary instruction relative to the defendant's right to testify in his own behalf. This failure of the court is assigned as error. The court, however, fully instructed the jury upon the subject of the credibility of witnesses and the defendant testified as a witness in his own behalf. The failure of the court to instruct further upon the subject as to the competency of the defendant as a witness was more favorable to defendant than otherwise, hence he cannot complain in this regard. Further, if the defendant desired such an instruction it was his duty to prepare and tender it to the court. Territory v. Gonzales ,11 N. M. 301; State v. Padilla, 18 N. M. 573.

[**5**] Complaint is also made of the refusal of the court to give requested instructions, Nos. 1 and 4, relative to burden of proof. The court in its instructions given to the jury fully and fairly stated the law upon this subject, hence no error was committed in refusing to give the requested instructions. In the case of State v. Belisle, 22 N. M. 285, 161 Pac. 168, it is said:

"Courts are not bound to give instructions which, even if correct, are merely cumulative and state in another form a proposition of law already given to the jury."

State v. Dickens, 23 N. M. 26.

Finding no error in the record of the judgment of the lower court will be affirmed, and it is so ordered.

PARKER, J., concurs.

HANNA, C. J. (specially concurring). I find it necessary to agree with the result in the majority opinion, but cannot agree with a statement therein contained to the effect that the testimony of the witness McFarland that he saw the defendant walk over to the place where the deceased was standing and pick up the flatter, a heavy instrument of iron with a wooden handle with which the deceased was killed, and strike him on the side of the head with this instrument, felling him to the ground, without any prior act or move on the part of the deceased, furnished sufficient evidence alone to sustain the verdict of murder in the second degree and justified the giving of the instruction as to murder in the second degree. The testimony of the witness McFarland as a whole does not justify the statement quoted. It is true he made substantially the statement referred to, but on cross examination I find he qualified his testimony to such an extent as to render it valueless in this respect. For example, he said that he was not paying any particular attention to the actions or movements of the men, and did not take any particular notice of just what they were doing at the time of the trouble; that there was considerable noise going on in the blacksmith shop, and if the deceased and the accused had been carrying on any conversation he could not have heard it.

I agree in the result and in the correctness of this particular instruction, however, upon the ground that mere language, however opprobrious or indecent, is not deemed sufficient to arouse ungovernable passion, and thereby reduce a homicide from murder to manslaughter. 13 R. C. L. 795.