(No. 1991. December 26, 1917.)

## STATE v. CALHOUN.

(Rehearing Denied February 23, 1918.)

### SYLLABUS BY THE COURT.

1. Applications for continuance may be amended but once, with the consent of the court. The action of the court in refusing to permit the application to be amended will be set aside for abuse of discretion only.     P. 683.

2. The granting of a motion for continuance is within the exercise of sound discretion of the trial court, and will not be reviewed in the absence of a gross abuse thereof    P . 684.

3. A requested instruction incorrectly stating the law is properly refused. .     P. 685.

4. Where an illegal arrest is made by an officer, the person arrested may resist the same, or the continuation of custody thereunder, but not to the extent of excessive violence.     P. 686.

Appeal from District Court, Colfax County, Leib, Judge.

Stonewall Jackson Calhoun was convicted of involuntary manslaughter, and he appeals. Affirmed.

J. Leahy, of Raton, for appellant.

Motion for continuance should have been granted.

Kellyville Coal Co. v. Hill, 94 Ill., App., 89; Smith v. Wilmington City Ry Co., 40 At., 189; Switzer v. Lottenville, 4 Ill., App., 219; Bradbury v. Dougherty, 7 Blackf., 467; Gouring v. Chicago M. & St. Paul Ry. Co., 47 N. W., 18.

Harry S. Bowman, Assistant Attorney General, for the State.

Motion for continuance was unsupported except by affidavit of appellant, and consequently was properly overruled. Terr. v. McFarland, 7 N. M. 421; Sec. 4460 Code 1915.

Review on action overruling motion for continuance is limited to ascertaining whether trial court abused its discretion. Territory v. McFarlane, 7 N. M. 421, 37 Pac. 1111; Territory v. Yeedan, 7 N. M. 439, 37 Pac. 1113; Territory v. Leary, 8 N. M. 180, 43 Pac. 688; Territory v. Padilla, 12 N. M. 1, 71 Pac. 1980; Territory v. Watson, 12 N. M. 419, 78 Pac. 504; Territory v. Lovato, 17 N. M. 666, 134 Pac. 222; Territory v. Anderson, 4 N. M. 213, 13 Pac. 21.

## OPINION OF THE COURT.

HANNA, C. J. The appellant, Stonewall Jackson Calhoun, was charged by indictment in the district court for Colfax county with the commission of the crime of murder. He was found guilty of involuntary manslaughter, and has perfected this appeal.

As no statement of facts is contained in the brief of appellant, the following statement, appearing in the brief of the state, will be considered as the facts of the case:

"On the morning of the 18th of February, 1915, the appellant, who was a deputy sheriff of the county of Colfax and a watchman employed by the St. Louis, Rocky Mountain & Pacific Railroad, at the coal camp of Koehler, Colfax County, N. M., had a dispute with Katie Rose, the wife of one of the employes at the coal camp. That evening upon the return home of her husband, Albert Rose, from his work, she informed him of the trouble she had had with the appellant, and urged him to go down to the place where the appellant resided and straighten the matter out. Albert Rose complied, and walked over to the home of the appellant

and called him out of the house. A wordy altercation was indulged in between the two, whereupon appellant told Rose that he was under arrest and started with him towards the jail. About this time, Katie Rose, together with Mrs. Mary Elizabeth Buege, appeared on the scene and attempted to persuade appellant to release his prisoner. The four persons named walked on towards the jail, and on the way came to the house of the Roses, where the prisoner made an attempt to pull away from the officer and to enter his house. He stepped upon a platform in front of the door leading into his home and was pulled back by the appellant. During the entire transaction both the prisoner, Rose, and the two women repeatedly urged the appellant that he had no right to arrest Rose and take him to jail. The witnesses for the state testified that at this time the appellant and Rose were scuffling around, and that the appellant had drawn his gun when he first made the arrest of Rose and still had it in his hand, began to fire, and did fire three or four shots, one of which struck Mrs. Buege, from the result of which she afterwards died. The appellant testified that about the time that he reached for Rose to pull him back off the platform or steps which he had ascended some one struck him a violent blow upon the head which knocked him to his knees; that he attempted to arise, and received a second blow upon the head which felled him to the ground and knocked him insensible; that he had no distinct recollection of any event that followed, except that he made several attempts to arise, each of which was frustrated by additional blows being showered upon his head from behind; that he finally saw Albert Rose approaching him with a pick, and that he then succeeded in struggling to his feet and started to run away from the place where the foregoing events took place; that Albert Rose followed him with a pick, striking at him, and that he turned and fired one last shot, which stopped Rose, but did not hit him. Mrs. Buege was taken from Koehler to Raton and placed in the hospital, and was prepared for an operation to remove the bullet, which entered just below the right breast, and came out just to the left of the middle of her back. The following morning, before the operation could be performed, she died."

[1] Appellant contends that the trial court erred in overruling his motion for continuance. The facts are that appellant filed an application for continuance on May 8, 1916. This motion was denied, evidently on the ground that no proper showing of diligence on the part of appellant had been made to entitle him to the continuance. He then filed an amended motion in which he attempted to show good cause for failure to have his witnesses present. He asked the court to rule on the motion as thus amended, but this the court declined to do. Appellant insists that the action of

the court in this respect was tantamount to a denial of the motion. He also insists that he had the right, as a matter of course, to once amend his motion or application for continuance. Section 4463, Code 1915, provides:

"The application for continuance shall be amended but once, except to supply a clerical error, by permission. * * *"

The statute is too plain to require construction. It clearly provides in effect that the application or motion may be once amended with the consent of the court. The consent of the court is a condition precedent to the right to amend. The refusal of the court to pass upon the motion as amended was equivalent to a refusal to permit the amendment. The facts are insufficient to justify holding that the court thereby abused its discretion.

[2] Appellant also contends that the court was in error in denying his first motion for a continuance. It was apparently denied on the ground that it failed to show the exercise of the proper degree of diligence in attempting to obtain the attendance of a certain witness. Appellant filed a motion for a continuance on December 10, 1915. This motion was granted. No diligence whatever is shown in his motion of May 8, 1916, excepting the fact that he had two subpoenas issued to require the attendance of the absent witnesses, and that appellant learned on May 7, 1916, for the first time the whereabouts of the witness. The granting or refusing of such a motion rests in the sound discretion of the trial court and the action of the trial court thereon will be disturbed only where an abuse of such discretion is shown. Territory v. McFarlane, 7 N. M. 421, 37 Pac. 1111; Territory v. Leary, 8 N. M. 180, 43 Pac. 688; Territory v. Padilla, 12 N. M. 1, 71 Pac. 1084; Territory v. Watson, 12 N. M. 419, 78 Pac. 504; Territory v. Lobato, 17 N. M. 666, 134 Pac. 222, L. R. A. 1917A, 1226; Bank of Comerce v. W. U. Tel. Co., 19 N. M. 211, 142 Pac. 156, L. R. A. 1915A, 120; and State v. McCracken, 22 N. M. 588, 166 Pac. 1174. The circumstances of this case

are such that we are constrained to hold that there was no abuse of discretion in this respect.

[**3**] The appellant asserts that the court erred in refusing to give the following two instructions requested by him:

"The court instructs the jury that, if you believe from the evidence the defendant was deputy sheriff at the time of the alleged homicide, and had placed the witness Albert Rose under an arrest, and had said Rose in his custody, and that the deceased, Mary Elizabeth Buege and the witness Katie Rose, or either of them, attempted to take said Albert Rose from the custody of defendant, or that the said Albert Rose attempted by force to free himself from such arrest or custody, then in such event the defendant was justified and it was his duty as such deputy sheriff to use all necessary means to prevent said Albert Rose from escaping from such arrest or custody, or to prevent the said Mary Elizabeth Buege or Katie Rose from liberating the said Albert Rose; and if you further believe from the evidence that such arrest was made and that an effort was made by said Albert Rose, Katie Rose, or Mary Elizabeth Buege, acting together or separately, and that defendant attempted to prevent the release of said Albert Rose, and that as a result the defendant and the said Albert Rose, Katie Rose, and Mary Elizabeth Buege, or any of them, became engaged in a fight, and as a result the defendant fired the shots testified to, or any of them, for the purpose of either preventing the escape of his said prisoner or of defending himself against great bodily injury or protecting his life, and if you further believe that the firing of such shots was necessary to prevent the escape of said Albert Rose or to protect the life of defendant or to prevent great bodily injury being then and there inflicted upon him, and that he honestly believed great bodily injury would be done him, then in such event or in either of said events, or any of them, the defendant was justified in firing the said shots, and you should find him not guilty."

"The court instructs the jury that, if you believe from the evidence that the defendant as such deputy sheriff had placed the witness Albert Rose under arrest and had him in his custody, or that said Albert Rose had submitted to such arrest at or before the alleged homicide, then in such event neither the said Katie Rose nor the said Mary Elizabeth Buege had the right to interfere with defendant in retaining custody of said Albert Rose, and it was a violation of law for them or either of them to in any way resist the defendant in retaining such custody of said Albert Rose, and it is immaterial for such purpose whether such arrest was legal or illegal, and neither said Katie Rose nor Mary Elizabeth Buege was justified in resisting such arrest in any way, nor was the said Albert Rose justified in using force to liberate himself after he was placed in custody of defendant, if you find he had been arrested before the time of the alleged homicide."

The Attorney General contends that these requested instructions are not properly before us, because they were not made a part of the record by bill of exceptions. Our examination of the record discloses that the objection of the Attorney General is not well taken. The first quoted instruction herein is an attempt to lay before the jury the law governing the rights of officers of the law in cases of this kind, and, after but partially treating of that subject, is directed to the proposition of self-defense. The instruction is erroneous, in that it would authorize the jury, if it were given, to acquit the appellant if it believed that he killed to protect his life or to prevent great bodily injury to be done him, providing he honestly believed that 'great bodily injury would be done him.'' It omitted entirely the proposition that the facts and circumstances must be such as to justify a reasonable and prudent man to entertain such belief. State v. Chesher, 22 N. M. 319, 321, 161 Pac. 1108; State v. Dickens, 165 Pac. 850. A requested instruction incorrectly stating the law is properly refused. State v. Orfanakis, 22 N. M. 107, 116, 159 Pac. 676.

[4] The second quoted instruction herein deals entirely with the right to arrest and the duty enjoined upon the one arrested from resisting same or from liberating himself from custody, and the duty of a third person to refrain from assisting the arrested person to liberate himself. Another phase of it deals with the same question when a person submits to detention at the hands of an officer. The instruction as tendered is erroneous. If given, the jury would have understood that no resistance whatever to an illegal arrest was countenanced by law. When an illegal arrest is made by an officer, the person arrested may resist the arrest or the .continuation of custody thereunder, but not to the extent of excessive violence. 2 R. C. L. "Arrest," §32; 1 Bishop's N. C. L. § 868. To avoid confusion the requested instruction should have also dealt with the arrest both as to being legal and illegal, and the rights of the arrested person thereunder. Had the arrest been legal, which

depended in this case upon whether Rose had assaulted appellant or not just prior to the time the officer pretended to arrest him, then no resistance whatever on the part of the arrested person was permissible. The requested instruction, not having drawn this distinction, was erroneous; hence was properly refused.

For the reasons stated, the judgment of the trial court is affirmed; and it is so ordered.

ROBERTS, J., concurs.  PARKER, J., being absent, did not participate in this opinion.

### SYLLABUS BY THE COURT.