86 P.2d 278

### STATE v. HUGHES.
#### No. 4383.

Supreme Court of New Mexico.

Dec. 31, 1938.

Robert A. Morrow, of Raton, and Kiker & Sanchez and Anthony J. Albert, all of Santa Fe, for appellant.

Frank H. Patton, Atty. Gen., and Richard E. Manson, Asst. Atty. Gen., for the State.

BICKLEY, Justice.

R. F. Hughes was convicted of unlawfully, feloniously and knowingly selling three head of neat cattle, the property of another, and sentenced by the court to not less than three years nor more than five years. From the conviction and sentence of the court he appeals.

The first assignment of error is as follows: "The court erred in refusing to give defendant's requested instruction No. 1."

This requested instruction is as follows: "You are instructed, Gentlemen of the Jury, that even though you should find and believe from the evidence beyond a reasonable doubt, that Ira Hughes, at the time the sale of the cattle in question was made, had knowledge that said cattle were the property of William Van Bruggen, still that knowledge, if Ira Hughes had it, could not be imputed to the defendant, and before you could convict the defendant of the crime charged, you must find and believe beyond a reasonable doubt, from the evidence in the case that the defendant, R. F. Hughes, himself had knowledge that the cattle in question were the property of William Van Bruggen, if you find they were; and unless you do find and believe from the evidence beyond a reasonable doubt that the defendant had knowledge at the time the sale was made that the cattle were the property of William Van Bruggen, you must find him not guilty of the crime charged."

Defendant's principal defense was lack of knowledge that the cattle sold were the property of anyone else but himself. If defendant's testimony was true he was not guilty of violating the statute under which he was prosecuted.

The state attempted to prove ownership of the cattle sold in William Van Bruggen by showing that they bore Van Bruggen's registered brand, a Diamond V There was considerable conflict in the evidence introduced to prove the presence of the brand. The next step in the prosecution's case was to show knowledge by defendant that the cattle bore the Diamond V. brand. In connection with this phase of the case an effort was made to show knowledge of the above facts on the part of Ira Hughes, defendant's brother, who actually made the sale. A question by the district attorney, addressed to Charles Roundtree, a cattle inspector for the Regional Agricultural Credit Corporation, who was present the day the sale was made, as to what Ira Hughes said regarding the cattle for sale, was objected to by defendant's counsel on the ground that it was conversation had out of the presence of the defendant. The court overruled the objection with the remark: "I understand Ira Hughes was agent for the defendant." A little further on the district attorney asked Mr. Roundtree the following question: "Did you have any conversation with Mr. Ira Hughes, who, you say, was in charge of the cattle as to brands on these cattle?" to which defendant's attorney made the following objection: "The defendant objects to this question as being incompetent and wholly immaterial for the reason that even though the defendant might have been the agent on a contractual relationship between the purchaser of the cattle and the owner thereof, that any statements he made at that time, that is, Ira Hughes made at that time, would show his knowledge and not the knowledge of the defendant R. F. Hughes, who was, according to the testimony, not present at all. Any statement made by Ira Hughes as to brands could serve no purpose in this case except as to knowledge of Ira Hughes as to brands, the defendant being absent, no declaration made by him could bind the defendant R. F. Hughes, and if there were brands at all it will doubtless be attempted to be connected in some way and this defendant could never be convicted unless it is shown that he knew for himself and not through an agent or anybody else, that there was some brand on these cattle which might show present or past ownership in William Van Bruggen and no man can ever be convicted for any crime done by an agent. This Information charges that he unlawfully, feloniously and knowingly committed an act, and it does not make any difference what Ira Hughes said about any brands as binding on this defendant, so we object to any conversations between Ira Hughes and this witness as to brands there at that time." This objection was overruled.

This alone was sufficient to bring to the jury's attention that the defendant was disclaiming knowledge which could be imput-

ed through knowledge of Ira Hughes. When the court overruled the first objection with the remark "I understand Ira Hughes was agent for defendant" and overruled the subsequent objection without explanation, this was sufficient to leave with the jury the impression that defendant was responsible for what Ira Hughes did, and if Ira Hughes knew the cattle bore Van Bruggen's brand, that knowledge was sufficient to convict the defendant. The attempt during cross-examination of Ira Hughes to impeach his testimony regarding what he had said with reference to knowing the cattle bore a Diamond V brand was bound to further impress upon the jury the fact that Ira Hughes' knowledge was a material element in the case and, without a cautionary instruction, unduly emphasized the weight to be given such knowledge as it affected defendant.

■■ There was no instruction in the court's charge to the jury which brought to their attention the fact that defendant was not charged with knowledge had by Ira Hughes. As the essential thing to be proved was defendant's knowledge of another's ownership of the cattle, and as knowledge was the only thing which would make him guilty of the offense charged, the jury should have been instructed with regard to the effect of knowledge on the part of Ira Hughes, in view of the court's ruling and remark, to safeguard him in the event the jury thought the agent had knowledge of the presence on the cattle of the brands at the time of the sale.

"Although instructions given by the court in a criminal prosecution present the theory of the prosecution and state the law thereon without error, the defendant is entitled to have the law declared in reference to the facts which he contends the evidence reasonably tends to show, and to an instruction defining the law as applicable to his defense, if there is any competent evidence reasonably tending to substantiate it." 14 R.C.L. "Instructions", p. 800. See State v. Martinez, 30 N.M. 178, 230 P. 379; Reed v. State, 3 Okl.Cr. 16, 103 P. 1070, 24 L.R.A.,N.S., 268.

"The refusal of the court to give an instruction properly requested by defendant which is a correct statement of the law applicable to the facts in the case, and consistent with a reasonable theory other than that of defendant's guilt, and not covered by any other instruction which was given by the court is reversible error." Territory v. Pino, 9 N.M. 598, 58 P. 393. See State v. Smith, 32 N.M. 191, 252 P. 1003.

There is very little evidence from which it could be said defendant himself knew the cattle sold belonged to another. He testified he had not instructed his brother Ira Hughes to sell the cattle which were actually sold. He was not present when the sale was made of different cattle. If he had not observed the brands on the cattle, the receipt of the check which he was given in payment would give him no notice of the fact that it was for cattle bearing a Diamond V brand. The buyer testified he examined the cattle, had them cut

from the bunch of other cattle, drove them to his place and assisted in the rebranding without discovering the Diamond V brand on them, and did not notice the brand until one of his men called it to his attention. Defendant's statement is much to the same effect. The jury in the face of evidence of the prosecution of similar import would not necessarily have believed defendant's story to be untrue. The introduction by the state and by the court's own statement of the theory of agency, without explanation of the effect of the acts and knowledge of the agent, injected into the case a ground upon which the jury could differentiate as to the effect of testimony of Joyce, the buyer, and defendant, and find the defendant guilty although they believed he did not himself know of the presence of the Diamond V brand.

The jury could not be expected to know without a proper instruction that Ira Hughes' knowledge, if he had any, could not be imputed to defendant. And the absence of such instruction permitted the jury to arrive at a verdict of guilty even though they thought R. F. Hughes had no personal knowledge. The general instruction did not encompass this safeguard and the failure to so safeguard the interests of the defendant was prejudicial to him.

We therefore conclude that it was error for the court to refuse to give defendant's requested instruction No. 1.

In view of the above conclusion it is not necessary to consider the other assignments of error.

The case is reversed and remanded, with instructions to grant defendant a new trial. It is so ordered. The writer is authorized to say that Mr. Justice BRICE concurs in this opinion and decision.

HUDSPETH, C. J., and ZINN, J., concur.

SADLER, J., did not participate.