195 P.2d 1020

**STATE v. JONES.**

No. 5110.

Supreme Court of New Mexico.

July 6, 1948.

See also, 51 N.M. 141, 179 P.2d 1001.

Caswell S. Neal, of Carlsbad, and O. O. Askren, of Roswell, for appellant.

C. C. McCulloh, Atty. Gen., and William R. Federici, Asst. Atty. Gen., for appellee.

COMPTON, Justice.

The defendant was convicted of murder in the second degree, and from the judgment and sentence he brings this appeal.

As an excuse or justification for the homicide, the defendant entered a plea of

self-defense and his first assignment of error is that the court by its instruction on the law of self-defense, merely instructed the jury on defendant's theory of the case without declaring the law of self-defense in reference to the facts relied on by him as establishing such defense.

The court instructed the jury as follows:

"A defense interposed by the defendant is that of self-defense. You are instructed that the rule of law on the subject of self-defense is this: Where a person in the lawful pursuit of his or her business, is assaulted, and when from the nature of the assault there is reasonable ground to believe that there is a design to take his or her life, or to do him or her great bodily harm, and the party attacked does so believe, then the killing of the assailant under such circumstances would be excusable or justifiable, although it should afterwards appear that no injury was intended and no reasonable danger existed. It is enough that there be an apparent danger; such an appearance as would induce a reasonable person in defendant's position to believe that he was in immediate danger of great bodily injury. Upon such appearance a party may act with safety, nor will he be held accountable though it should afterward appear that the indications were wholly fallacious, and that he was in no actual peril."

"The rule in such case is this: What would a reasonable person, a person of ordinary caution, judgment and observation, in the position of the defendant, seeing what he saw, and knowing what he knew, suppose from this situation and these surroundings. If such reasonable person so placed would have been justified in believing himself in imminent danger, then the defendant would be justified in believing himself in such peril, and in acting upon such appearances. And in considering whether the shooting was justifiable on the ground that the shooting was in self-defense, you should consider all the circumstances attending the shooting, the character of the wound and the conduct of the parties at the time and immediately prior thereto, and the degree and nature of force used by the defendant in making what is claimed to be self-defense, as bearing upon the question whether the shooting was actually done in self-defense, or whether it was done in carrying out an unlawful purpose.

"But the law of self-defense does not imply the right of attack, nor will it permit acts done in retaliation or for revenge. And if you believe from the evidence, beyond a reasonable doubt, that the defendant shot the deceased for the purpose of wreaking vengeance upon him for past injuries received, or for purposes of retaliation and revenge for such past injury,

then the defendant cannot avail himself of the law of self-defense, and you should not acquit on that ground. And it is for you to determine from all the evidence whether the claim of the defendant that he killed the deceased in self-defense is made in good faith or is a mere pretense."

The defendant requested the court to supplement its instruction by giving the following: "You are therefore instructed that in this case, if you find from the evidence, or have a reasonable doubt thereof, that at the time of the difficulty which resulted in the death of the deceased, the deceased seized a rock and assaulted, or attempted to assault the defendant therewith, or it so reasonably or apparently appeared to the defendant, as a reasonable man under the circumstances, and that the defendant as a reasonable man believed that he was about to receive great bodily harm or injury from the deceased, and that acting upon such belief, he shot and killed the deceased, you will find the defendant not guilty."

The tender was refused and exception taken.

■ It is well settled in this jurisdiction that a defendant not only is entitled to have his theory of the case submitted to the jury if supported by substantial evidence, but upon request, is entitled to have the law declared in reference to the facts of his case if there is evidence reasonably tending to substantiate it. State v. Martinez, 30 N.M. 178, 230 P. 379, 382; State v. Rogers, 31 N.M. 485, 247 P. 828; Salazar v. Garde, 35 N.M. 353, 298 P. 661; State v. Hughes, 43 N.M. 109, 86 P.2d 278.

In State v. Martinez, supra, we said [30 N.M. 178, 230 P. 382]: "The defendant is also entitled to have instructions given at his request upon his theory of the case, and to have the law declared in reference to the facts which he contends the evidence reasonably tends to show, and to an instruction defining the law as applicable to his defense, if there is any competent evidence reasonably tending to establish it."

■ And in homicide cases where self-defense is relied on and there is substantial evidence, though slight, it is sufficient. 13 R.C.L., Homicide, p. 935, Sec. 236. The evidence of the defendant alone may be sufficient. 30 C.J., Homicide, pp. 367, 368, Sec. 618; 41 C.J.S., Homicide, § 385.

■ Where there is substantial evidence we will not concern ourselves as to quantum. It is sufficiently shown by the answers of the defendant testifying in his own behalf:

"Q. Why did you fire that shot? A. Because Hays was coming at me with that rock.

"Q. Because of your physical condition did you feel you could compete with him fairly with that rock? A. No.

"Q. Why did you shoot him? A. Because I felt my own life was in danger.

"Q. Was that the only reason? A. Yes, sir."

Under proper instructions, it is the duty of the jury to view the facts and circumstances from the standpoint of the defendant, and upon request, it is the duty of the court to direct the jury's attention to the facts which the defendant contends constitute his defense. Glancing at the charge given, it is readily seen that the instruction was in the abstract. Nowhere did the court apply the law of self-defense to the evidence relied on by the defendant. It was the duty of the court to inform the jury of defendant's theory of the case wherein his evidence had a tendency to sustain it.

We conclude that the trial court erroneously refused defendant's tendered instruction.

■ It is next contended that the court erred by giving the following instruction on communicated threats: "You are instructed that evidence has been introduced in this case tending to show that prior to the difficulty which resulted in the death of the deceased, the deceased had made threats of a violent nature to the defendant in the presence and hearing of the defendant. You are instructed that if you believe from the evidence that threats of such a character were made by the deceased to the defendant, you may consider such evidence together with all the other facts and circumstances in evidence, in determining the *state of mind of the deceased* at the time of the difficulty and in determining who was the probable aggressor at such time." (Emphasis ours.)

The defendant excepted to this instruction as limiting the effect to be given communicated threats and requested the court to give the following: "You should also consider such evidence in determining the state of mind of the defendant, and whether or not, in view of such threats, the defendant in good faith armed himself, and whether or not the defendant, as a reasonable man under the circumstances, believed he was about to be assaulted by the deceased in such a manner as to result in great bodily harm or injury to him at the time of the difficulty resulting in the death of the deceased."

■ It is obvious that neither the instruction given nor the tendered instruction correctly tells the jury the purpose for which evidence of communicated threats was admissible. Communicated threats may well show the mental state of a deceased, but ordinarily are admissible to show the state of mind of the defendant as bearing upon his acts and conduct; but threats, unaccompanied by some overt act manifesting an intention, are not enough and the

jury should be so informed. At 41 C.J.S., Homicide, § 382, the rule is stated: "Where there is evidence tending to show that deceased has made threats of death or great bodily harm against accused, that such threats were communicated to accused and were followed by some overt act or demonstration on the part of the deceased indicating an impending purpose, real or apparent, to put them into operation, and not amounting to an actual attack, it is the duty of the court to instruct the jury fully and affirmatively with respect to the law of threats in connection with self-defense, although accused's testimony as the only evidence in support of the issue, and although the threats were made directly to accused."

To the same effect, see State v. Martinez, 30 N.M. 178, 230 P. 379; State v. Pruitt, 24 N.M. 68, 172 P. 1044; Macias v. State, 39 Ariz. 303, 6 P.2d 423; Pryor v. State, 120 Tex.Cr. 418, 48 S.W.2d 1003.

We therefore conclude that the instruction given, likewise the requested instruction, was erroneous. The cause will be reversed and remanded to the district court with directions to award defendant a new trial, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER and McGHEE, JJ., concur.