413 P.2d 469

STATE of New Mexico, Plaintiff-Appellee,

v.

Joe SELGADO, Defendant-Appellant.

No. 7930.

Supreme Court of New Mexico.

April 18, 1966.

Rowley, Davis, Hammond & Murphy, Richard F. Rowley II, Clovis, for appellant.

Boston E. Witt, Atty. Gen., Frank Bachicha, Jr., Asst. Atty. Gen., Santa Fe, for appellee.

NOBLE, Justice.

Joe Selgado has appealed from a sentence following a jury conviction for the offense of aggravated battery.

Briefly, the evidence discloses that the defendant and a companion, Joe Barela, went to the Clovis Police Station at 1:30 a. m. on March 6, 1965 to visit the girl friend of Barela, confined in the jail. Their request to visit was denied at that time and they were advised to come back during visiting hours, but Barela nevertheless went into the corridor leading to the cell block. Two police officers came into the building and told Selgado and Barela to leave. The defendant insists that an altercation commenced because the police officers sought to arrest him without a warrant and without probable cause therefor. The evidence is conflicting as to the commencement of the altercation, but taking that most favorable to defendant, he asked one of the officers why he was going to arrest him and received a reply, "well you wanted to visit the jail." Defendant then started toward the door leading to the jail and called to Barela to come out, when an officer pushed him, and another police officer "come at me with a slapper." A fight then commenced in which the defendant struck officer Watkins, took his black jack away from him and struck him with it. In the meantime, Barela had taken a gun from the other officer. After the desk officer shot at Barela, both Barela

and Selgado ran from the building. Barela was shot in flight and thereafter Selgado was arrested outside of the building.

The defendant submitted four instructions concerning the right to resist an unlawful arrest which he insists would have charged the jury on his theory of the case but which the trial court refused to give. This appeal turns on whether the denial of those instructions constituted error requiring reversal.

 It is true that a defendant is entitled to have his theory of the case submitted to the jury under proper instructions, if there is evidence reasonably tending to support it. State v. Jones, 52 N.M. 235, 195 P.2d 1020; State v. Maestas, 63 N.M. 67, 313 P.2d 337. But it is also settled that the failure to instruct upon a specific defense cannot be complained of unless the defendant has tendered a proper instruction on the issue. State v. Compton, 57 N.M. 227, 257 P.2d 915; State v. Johnson, 64 N.M. 83, 324 P.2d 781; State v. White, 58 N.M. 324, 270 P.2d 727. The tendered instructions refused by the court concern the defense of self-defense against what is asserted was an attempted arrest for a misdemeanor by a peace officer acting without a warrant.

Requested instruction No. 1 correctly defined the probable cause that will justify such an arrest, as quoted from Garske v. United States, 1 F.2d 620 (8th Cir. 1924) in Cave v. Cooley, 48 N.M. 478, 152 P.2d 886, but the instruction added to the probable cause definition "the officer must have actual knowledge of every element of the offense." The tendered instruction then would have charged the jury that the officer must actually know an offense was being committed.

 It is true that some jurisdictions require an officer arresting without warrant to have actual knowledge that an offense is being committed in his presence. But the majority view, followed by this court, is that it is not essential and that a bona fide belief on the part of the officer is sufficient. 1939 Wisc.L.Rev. 385. A police officer is not required to justify his action in making an arrest by a subsequent showing that as a matter of fact the offense was committed. He may arrest without a warrant when the circumstances are such as to warrant a reasonable person in believing that an offense has been committed by the person whom he then arrests. Ryan v. Conover, 59 Ohio App. 361, 18 N.E.2d 277 and see Cave v. Cooley, supra. There is then a material distinction between that which would be required to sustain a conviction for an offense and that which is sufficient to justify a peace officer in arresting for a supposed commission of such offense.

This court in Cave v. Cooley, supra, said regarding the Uniform Arrest Act (not enacted in New Mexico) which authorizes

arrest by an officer having reasonable ground to believe the person to be arrested has committed a misdemeanor in his presence:

"That this is desirable we do not doubt and we think it is but a restatement of the law as it has been interpreted by the majority of the courts dealing with the exact question."

See, also, 28 Va.L.Rev. 315.

■ What we have said concerning the distinction between the requirement to sustain a conviction for an offense and that which is sufficient to justify a peace officer in arresting applies with equal force to tendered instruction No. 2 which would have charged the jury that the defendant was justified in resisting the officer unless the jury found *beyond reasonable doubt* that a lawful arrest was being made. We know of no requirement, either constitutional or statutory, which demands that the jury be satisfied beyond a reasonable doubt of any fact or conclusion except all of the elements of the offense which when proven establish guilt.

■■ The purpose of an instruction is to enlighten a jury. It should call to the jury's attention specific issues which must be determined and should contain only statements of law to be applied in the determination of such issues. Gerrard v. Harvey & Newman Drilling Company, 59 N.M. 262, 282 P.2d 1105. The third tendered instruction purports to set forth the right of a person to resist an unlawful arrest but is an abstract statement of many rules in such form as to be confusing rather than enlightening.

■■ Finally, we find no merit to defendant's complaint of the refusal to give one of his tendered instructions on self-defense. The trial court gave a correct instruction on the right of self-defense and it is axiomatic that reversible error cannot be predicated upon the refusal to adopt a tendered instruction if a correct instruction on the issue has been given. In any case, however, the tendered instruction does not correctly apply the law of self-defense as we have interpreted it. The requested instruction tests the reasonableness of defendant's belief that he must act in self defense from the standpoint of defendant himself considering his physical make-up and his mental condition, rather than the test gauged by the reaction of the hypothetical reasonable or average man adopted by this court in State v. Chesher, 22 N.M. 319, 161 P. 1108, and State v. Dickens, 23 N.M. 26, 165 P. 850, and more recently in State v. Beal, 55 N.M. 382, 234 P.2d 331, and State v. Horton, 57 N.M. 257, 258 P.2d 371.

Finding no error, the judgment and sentence appealed from should be affirmed.

It is so ordered.

CARMODY, C. J., and MOISE, J., concur.