444 P.2d 986

STATE of New Mexico, Plaintiff-Appellee,

v.

Henry RAMIREZ, Defendant-Appellant.

No. 8442.

Supreme Court of New Mexico.

Sept. 9, 1968.

**476**

Les Houston, Thomas M. Thompson, Albuquerque, for defendant-appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

NOBLE, Justice.

Henry Ramirez has appealed from a life sentence following his conviction of first-degree murder.

He was charged with the felony-murder of L. C. Wiley—that is, the information charged Ramirez with Wiley's murder by committing a battery upon him during the commission of the felony of robbery. Ramirez asserts that the court erred in refusing to instruct on one of his theories of the case—that is, that he was not at the place where the crime was committed, and erred in particular in refusing a tendered instruction charging the jury that the evidence must establish the presence of the defendant at the place and time of the commission of the offense beyond a reasonable doubt.

A defendant is entitled to have instructions given upon his theory of the case and, at his request, an instruction defining the law applicable to his defense if there is evidence reasonably tending to establish it. To avail himself of this right, the defendant must tender a correct instruction. State v. Sanders, 54 N.M. 369, 225 P.2d 150; State v. Jones, 52 N.M. 235, 195 P.2d 1020; State v. Hughes, 43 N.M. 109, 86 P.2d 278; State v. Rogers, 31 N.M. 485, 247 P. 828; State v. Martinez, 30 N.M. 178, 230 P. 379.

The tendered instruction, which was refused, reads:

"12. The evidence must prove beyond a reasonable doubt that the defendant was actually present at the time the crime is alleged to have been committed, before the jury can convict him. If the evidence adduced at the trial does not beyond a reasonable doubt satisfy each individual member of the jury that the defendant was actually present at the time the crime is alleged to have been committed, then the defendant cannot be convicted."

It will be noted that the request was not of an alibi instruction—that is, that there

was evidence that at the time of the crime the defendant was at such a distant and different place that he could not have participated in its commission, Black's Law Dictionary, p. 95 (4th Ed.); State v. Parsons, 206 Iowa 390, 220 N.W. 328, nor does the defendant now argue that the tendered instruction was strictly that of alibi.

A state's witness testified that while working in a store next door, she heard suspicious noises in the jewelry store and, upon investigation, saw Mr. Wiley lying on the floor, apparently injured. She also saw broken glass and a broken show case. She immediately caused the police to be called; saw the defendant in an adjoining alley; watched him go into a barber shop; and told police officers where to find him. There was testimony that the police were called at two-fifteen p. m. Defendant calls our attention to his own testimony as supporting his requested instruction. He said he arrived at a bar, adjacent to the alley where the state's witness saw him, at about twelve-thirty; that he had a few drinks and went down the alley to the barber shop.

■ The instructions are to be considered as a whole and it is not error to refuse a requested instruction, even though it states a correct principle applicable to the case, if it has been covered by other instructions given. State v. White, 77 N.M. 488, 424 P.2d 402; State v. Selgado, 76 N.M. 187, 413 P.2d 469; State v. Peke, 70 N.M. 108, 371 P.2d 226; State v. Skipworth, 64 N.M. 175, 326 P.2d 669. The record discloses that the court, in connection with the instruction on aiding and abetting, instructed the jury:

"16. * * * if you find to your satisfaction and beyond a reasonable doubt that Henry Ramirez, together with another person, committed the offense charged, that is *that they entered Wiley's Watch Shop* and either of them inflicted injuries upon L. C. Wiley during the commission of or attempt to commit a felony * * *." [Emphasis added.]

There was, therefore, the direct charge that the jury must find beyond a reasonable doubt that Ramirez was in the store when the offense occurred and that either he or his companion inflicted upon Wiley the injuries of which he later died. We think the jury was adequately instructed on that issue. Absent the tender of a requested instruction, there is no duty upon the trial court to instruct specifically upon the subject of alibi. 5 Wharton's Criminal Law & Procedure, § 2098; United States v. Stirone, 311 F.2d 277 (3d Cir. 1962); People v. Gomez, 215 Cal.App.2d 314, 30 Cal. Rptr. 139; State v. Keck, 389 S.W.2d 816 (Mo.1965); Contra, Ferguson v. State, 218 Ga. 173, 126 S.E.2d 798.

■ Following the imposition of sentence, and within ten days, defendant filed a motion for a new trial upon the ground of newly discovered evidence. Such a motion calls for the exercise of the sound discretion of the trial court and is properly denied unless the newly discovered evidence is such that (1) it will probably change the result if a new trial is granted; (2) it must have been discovered since the trial; (3) it must be such that it could not have been discovered before trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative; and (6) it must not be merely impeaching or contradictory. State v. Gomez, 75 N.M. 545, 408 P.2d 48; State v. Fuentes, 67 N.M. 31, 351 P.2d 209; State v. Stewart, 34 N.M. 65, 277 P. 22; State v. Luttrell, 28 N.M. 393, 212 P. 739.

■ The basis of the motion was an affidavit of Rose Quintaro, an employee of the sheriff, that before reaching the watch shop and in its immediate vicinity, she passed two men walking rapidly. She heard a groan from the watch shop and upon entering the store found Mr. Wiley lying behind the counter; he said, "Two men hit me"; she telephoned the police from the adjoining store without giving her name. Ramirez was not one of the men she saw near the store. She testified at length at the hearing on the motion. She testified that after calling the police, she immediately went out of the store and that police and

several people were at the shop. Her testimony was that she saw these men a block away from the watch shop; the police were in the shop with the suspect when she finished telephoning. The trial judge's remarks shown in the record indicate that her testimony was confused and her statements so inconclusive that he thought little or no weight would be given to her testimony by a jury. From our examination of the testimony by the witness, it does not appear that the newly discovered evidence would probably change the result if a new trial were granted. Based upon the record before us, we cannot say that the trial judge abused his discretion in denying the motion for new trial.

■ Having advanced the theory that medical maltreatment of Wiley's wound was an independent intervening cause of death which relieved the defendant of criminal responsibility for his acts in inflicting the wounds, defendant asserts that the court's instruction 14 which charged the jury that the defendant could only be relieved if maltreatment of the wound, and not the wound itself, was the "sole" cause of death, as distinguished from "independent intervening" cause, is erroneous and requires reversal. There is no merit in the argument. We find no error in the challenged instruction; it is in accord with Territory v. Yee Dan, 7 N.M. 439, 37 P. 1101, and with the general rule as applied by the courts of this country. See Annot., 100 A.L.R.2d 769, 783.

■ We find no error in the refusal to give defendant's requested instruction 15 which in substance restated the burden of proof requirement and instructed that the defendant's attack on the cause of death should not be considered an admission that he inflicted the wound. In our view, other instructions given by the court adequately instructed the jury. Under the circumstances, refusal to give a requested instruction on a question previously covered is not error. See State v. Peke, supra.

■ Finally, the defendant contends that his arrest was illegal and that the denial of his motion to suppress evidence found on

him at the time of his arrest requires a reversal. We cannot agree. The officer had been told that the man who assaulted Wiley had gone into the building where the officer subsequently found the defendant. The officer testified that the defendant was wearing a coat which appeared to have bloodstains on the right sleeve. When the defendant began to take off his coat, the officer saw the butt of a pistol protruding from his pants pocket in such a position that it was concealed until the coat was opened. An officer may legally arrest one whom he reasonably believes is committing a criminal offense in his presence. City of Roswell v. Mayer, 78 N.M. 533, 433 P.2d 757; State v. Selgado, 76 N.M. 187, 413 P.2d 469; City of Albuquerque v. Leatherman, 74 N.M. 780, 399 P.2d 108; City of Clovis v. Archie, 60 N.M. 239, 290 P.2d 1075; Cave v. Cooley, 48 N.M. 478, 152 P.2d 886. Even though § 40A–7–2, N.M. S.A.1953, allows the carrying of an unloaded concealed weapon, under the circumstances here present we cannot say that the officer did not have reasonable grounds to believe that the defendant was unlawfully carrying a deadly weapon.

■ The right to search incident to a lawful arrest is deeply rooted in the law. Weeks v. United States, 232 U.S. 383, 392, 34 S.Ct. 341, 58 L.Ed. 652, L.R.A.1915B, 834. Mr. Justice Cardozo said, in People v. Chiagles, 237 N.Y. 193, 142 N.E. 583, 32 A.L.R. 676, that the basis of the rule is a "shrewd appreciation of the necessities of government." The courts have consistently recognized that a police officer must have power to conduct an immediate search following an arrest in order to remove weapons and to prevent the suspect from destroying evidence. City of Roswell v. Mayer, supra; State v. Deltenre, 77 N.M. 497, 424 P.2d 782; Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399.

■ A majority of the cases in which the question has arisen hold that officers who search incidental to a lawful arrest may seize things incidental to another and wholly unrelated offense which may be

uncovered by such a search. See Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668; Annots., 4 L.Ed.2d 1962; 169 A.L.R. 1419 § 2, at 1420.

Finding no error requiring reversal, it follows that the judgment and sentence appealed from should be affirmed.

It is so ordered.

CHAVEZ, C. J., and MOISE, COMPTON and CARMODY, JJ., concur.