This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                             **NO. 29,259**

**GILBERT MARTIN LOPEZ, JR.,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Teddy L. Hartley, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Max Shepherd, Assistant Attorney General
Albuquerque, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**VIGIL, Judge.**

Gilbert Martin Lopez, Jr. (Defendant) appeals from an order of the district court revoking his probation. [RP 171-72] On appeal, Defendant raises four issues: (1) the district court erred in failing to dismiss an addendum to a report of probation violation; (2) insufficient evidence was presented to support probation revocation; (3) Defendant's right to confront the arresting officer was violated; and (4) the district court erred by denying Defendant's motion for reconsideration and new trial. Having duly considered Defendant's arguments, we affirm in part, reverse in part, and remand to the district court for proceedings consistent with this opinion.

**BACKGROUND AND FACTS**

In 2006, Defendant was placed on probation for five years. [RP 30-31] On April 3, 2007, June 5, 2007, and June 23, 2007, Defendant violated the terms of his probation. [RP 33-41] As a result of the violations, Defendant was incarcerated for a period of time and placed back on probation on April 1, 2008. [RP 69-71] Defendant allegedly violated the terms of his probation again on April 30, 2008 (testing positive for marijuana); July 20, 2008 (burglary); September 22, 2008 (testing positive for cocaine and opiates); and September 25, 2008 (speeding, being out of county, and associating with a felon). [RP 72-73, 75-79, 103-05, 111-12]

On August 18, 2008, the probation division filed a report of probation violation in district court, requesting that Defendant's probation be revoked based upon the July 20, 2008 burglary charge. [RP 75-77] On September 26, 2008, the probation division filed an addendum to the report of probation violation, recommending probation revocation for an incident on September 25, 2008 where Defendant was pulled over in Roosevelt County for speeding and the passenger of his car was a felon. [RP 103-05] On September 29, 2008, the probation division filed a second addendum, recommending revocation because Defendant's September 22, 2008 urine test results showed the presence of cocaine and opiates. [RP 111-12]

Following a probation revocation hearing, the district court found the original report of probation violation, filed August 18, 2008, to be untimely under Rule 5-805(F) NMRA. [RP 164] However, the district court held that the addendum to the probation violation, filed September 26, 2008, was not tainted by the untimeliness of the original report because it dealt with an entirely unrelated incident. [RP 165] At the hearing, the district court took notice of Defendant's other infractions (positive drug tests), but based the revocation of Defendant's probation solely on the violations alleged in the September 26, 2008 addendum. [RP 165]

**ADDENDUM TO REPORT OF PROBATION VIOLATION**

Defendant argues that because the report of probation violation filed August 18, 2008 was dismissed for untimeliness, the trial court should have also dismissed the addendum to the probation violation that was filed September 26, 2008. [DS 6, MIO 7-8]  In our calendar notice, we proposed to affirm the district court's ruling that the procedural violation invalidating the original report did not taint the addendum because the probation violations addressed in the addendum (speeding, being outside of Curry County, associating with a felon) stemmed from an entirely distinct incident from the violation contained in the first report (burglary).  [CN 2-3, RP 165] In his memorandum in opposition to our notice of proposed disposition, Defendant renews his argument pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967) and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985) (holding defense counsel has the duty to advance defendant's non-meritorious contentions on appeal.)

We affirm the district court's ruling that the new charge was not affected by the procedural deficiency of the original report.  It appears the report filed September 26, 2008 was titled "addendum" only because Defendant already had a violation pending and not because it was connected in any way to the original violation.  [RP 165]  The original report of probation violation was dismissed

4

pursuant to Rule 5-805(F) because it was untimely filed. [RP 164-65] The addendum was filed in accordance with all procedural requirements. *See* NMSA 1978, § 31-21-15 (1989).

The violation alleged in the addendum did not depend upon the factual or procedural postures of the original report and could have been filed independently as a stand-alone report of probation violation. *See State v. Devine*, 2007-NMCA-097, ¶ 14, 142 N.M. 310, 164 P.3d 1009 (holding the procedural rights of the parties are renewed upon the filing of a new charge following a mistrial.) We therefore hold that the district court did not abuse its discretion in ruling on the violation contained in the addendum despite the procedural deficiency of the original report. *See Devine*, 2007-NMCA-097, ¶ 14; *see also State v. Padilla*, 106 N.M. 420, 422, 744 P.2d 548, 550 (Ct. App. 1987) (holding that the trial court retains jurisdiction to revoke a suspended sentence for good cause shown at any time subsequent to the entry of judgment and prior to the expiration of the sentence.)

**SUFFICIENCY OF EVIDENCE AND RIGHT TO CONFRONTATION**

Defendant argues that insufficient evidence was presented at the probation revocation hearing to support a finding that he knowingly associated with a felon and the district court abused its discretion by allowing evidence of an alleged

probation violation to be entered into the record without the presence of the arresting officer. [DS 6-7] Our calendar notice proposed to reverse. [CN 3-5] In its memorandum in opposition, the State concedes that it failed to produce sufficient evidence to support the revocation and that Defendant was not afforded the right to confront the witness against him. [State's MIO 5]

At a probation revocation hearing, a defendant has the right to confront and cross-examine a witness unless there is a specific showing of good cause for the adverse witness' absence. *See State v. Vigil*, 97 N.M. 749, 751, 643 P.2d 618, 620 (Ct. App. 1982). A mere reading of an account of a probation violation by the probation officer is insufficient where there has been no showing of good cause for not allowing a defendant to confront and cross-examine the arresting officer. *State v. Phillips*, 2006-NMCA-001, ¶ 12, 138 N.M. 730, 126 P.3d 546.

Here, the only evidence in the record proper of the violations upon which the district court revoked Defendant's probation appears to have come from the probation officer's testimony. [RP 145-48] There is no record that the district court made a finding of good cause for the arresting officer's failure to appear. [RP 163-65] Based upon the minimum standard of due process required at a probation revocation hearing, the district court could not rely upon the evidence presented in the absence of the arresting officer. *Phillips*, 2006-NMCA-001, ¶ 12.

The remaining evidence is insufficient to support the district court's findings. *See State v. Kent*, 2006-NMCA-134, ¶10, 140 N.M. 606, 145 P.3d 86 (holding substantial evidence review requires analysis of whether a rational fact finder could have found that each element of the crime was established beyond a reasonable doubt.) Accordingly, we reverse the ruling of the district court.

**MOTION FOR RECONSIDERATION AND NEW TRIAL**

Defendant argues that the district court abused its discretion by denying his motion for reconsideration and new trial based upon newly discovered evidence. [Defendant's MIO 8] There is no ruling on the motion for reconsideration in the record but Defendant states that the motion was denied via letter on January 6, 2009. [DS 4]

Defendant's basis for seeking a new hearing is newly discovered evidence. [Defendant's MIO 8] A motion for a new trial upon the ground of newly discovered evidence calls for the exercise of the sound discretion of the trial court and is properly denied unless the newly discovered evidence is such that (1) it will probably change the result if a new trial is granted; (2) it must have been discovered since the trial; (3) it must be such that it could not have been discovered before trial by the exercise of due diligence; (4) it must be material to the issue; (5)

it must not be merely cumulative; and (6) it must not be merely impeaching or contradictory. *State v. Ramirez*, 79 N.M. 475, 477, 444 P.2d 986, 988 (1968).

Defendant's newly discovered evidence consists of a Probation Information Form showing a map of Curry and Roosevelt Counties accompanied by a statement that a probationer or parolee must obtain prior permission to travel outside of Roosevelt and Curry Counties. [RP 168-70] The form was signed by a probation officer, Liz Queener, in 2002. [RP 170] According to Defendant, the form "appears to be a blanket policy" that applies to all probationers in Curry County. [Defendant's MIO 9] Defendant argues on appeal that if his motion for a new hearing had been granted, Liz Queener could have testified that Defendant was allowed to travel freely between Roosevelt and Curry counties. [Defendant's MIO 10] However, Defendant knew that the probation revocation hearing concerned, in part, a violation based upon traveling out of Curry County. [RP 123] Traveling out of his county of residence is listed as a violation of the terms of his probation. [RP 30] Further, Defendant had been ordered on September 16, 2008 not to leave Curry County. [RP 91]

As discussed in the first calendar notice, the form allowing probationers to travel freely between Roosevelt and Curry Counties is not linked to Defendant. [CN 6] If, as Defendant claims, it was standing policy for Curry County

8

probationers to be able to travel to Roosevelt County without permission of their probation officers, it seems likely that the probation officer who testified at the hearing would have known it.  Defendant concedes that trial counsel could have discovered the form prior to the hearing. [Defendant's MIO 9]  The newly discovered evidence does not meet the standard set forth in *Ramirez*, and district court's denial of Defendant's motion for a new hearing was not an abuse of discretion.

**CONCLUSION**

To the extent that the State requests this Court to order the district court to conduct a new hearing on the matter, we note that this Court will not issue advisory opinions.  *State v. Wyrostek*, 117 N.M. 514, 523, 873 P.2d 260, 269 (1994).

For the foregoing reasons, we affirm the rulings of the district court as to Issues 1 and 4, reverse on Issues 2 and 3, and remand to the district court for proceedings consistent with this opinion.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

9

**JONATHAN B. SUTIN, Judge**

_____

**RODERICK T. KENNEDY, Judge**