422 P.2d 355

STATE of New Mexico, Plaintiff-Appellee,

v.

Lee Roy ORTIZ, Defendant-Appellant.

No. 8163.

Supreme Court of New Mexico.

Jan. 9, 1967.

---

Rodey, Dickason, Sloan, Akin & Robb, Robert D. Taichert, Willard F. Kitts, Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., Gary O'Dowd, Roy G. Hill, Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

E. T. HENSLEY, Jr., Chief Judge, Court of Appeals.

The appellant was convicted of first degree murder and from a sentence of life imprisonment he appeals. The appellant claims error on three grounds: first, that his confession was not freely and voluntarily made and was therefore improperly admitted into evidence by the trial court; second, that the confession should not have been admitted into evidence because he was not effectively advised of his right to counsel at the time of his interrogation and that he did not knowingly and intelligently waive this right; third, that the trial court erred in refusing the appellant's requested instructions defining manslaughter because there was evidence tending to show that the appellant acted without malice and in heat of passion.

It is noted at the outset that on an appeal from a judgment of conviction this court will view the testimony as a whole in the light most favorable to the state. State v. Crouch, 75 N.M. 533, 407 P.2d 671. Appellant's first contention is that his mind was so affected by a drug hangover that his statement to the police confessing the murder was not a product of a rational intellect and a free will. A psychiatrist, produced by the appellant, testified that an overdose of alcohol and drugs would probably result in a drug hangover affecting judgment from one to four days. Further, that a drug hangover would cloud the mind to some degree, inhibit or slow it. The same expert further stated that there was a medical probability that the appellant's judgment was affected to some degree, but that he could not say that the appellant was psychotic or under drug intoxication.

The appellant next contends, that his confession was not the product of a rational intellect and a free will because he suffered from severe mental and emotional instability. The court recognizes that the confession of an insane man is no confession at all. State v. Padilla, 66 N.M. 289, 347 P.2d 312, 78 A.L.R.2d 908. The record does not show, however, that the appellant was insane at the time of the confession. It has already been pointed out that the ap-

pellant's witness, a psychiatrist, testified that he could not say that the appellant was psychotic or under drug intoxication at the time he confessed. Previous confinement in a mental institution does not show that the appellant lacked the mental capacity to voluntarily confess to the crime. The facts show that the appellant was capable of making a narrative of past events and of stating his own participation in the crime. See People v. Townsend, 11 Ill.2d 30, 141 N.E.2d 729, 69 A.L.R.2d 371. A confession is not ipso facto inadmissible if made while under the influence of drugs. This, however, is a factor to be considered in determining whether the confession was voluntary. See annotation 69 A.L.R.2d 384; State v. Ortega, 77 N.M. 6, 419 P.2d 219.

■ Appellant asserts that the composition of the confession by a detective rather than the appellant reduces the probability that it was a product of rational intellect and free will. The record indicates that the police officers taking the confession asked questions but it does not show that the police composed the confession. The rule of Blackburn v. State of Alabama, 361 U.S. 199, 80 S.Ct. 274, 4 L.Ed.2d 242, was not violated. Appellant complains that he was deprived of an opportunity to gain an adequate understanding of his rights because he was not arraigned prior to his confession. We agree that the length of time between arrest and arraignment may be one of the factors which creates a coercive at-

mosphere in violation of the due process clause of the Fourteenth Amendment of the United States Constitution. Gallegos v. State of Colorado, 370 U.S. 49, 82 S.Ct. 1209, 8 L.Ed.2d 325 (1962); reh. den. 370 U.S. 965, 82 S.Ct. 1579, 8 L.Ed.2d 835 (1963). The evidence clearly shows that the appellant was taken by the police from the hospital directly to the sheriff's office for booking and interrogation on December 10, 1965. His only contact from that time until preliminary examination was with police officers and an assistant district attorney. This period of time was less than one hour. This does not indicate that the appellant's free will was "overborne" particularly in view of the fact that he was advised of his rights three times during this period.

■ Appellant's final objection to the admission of his confession into evidence is that his confession was involuntary because he did not have the advice of an attorney before he made it. Failure to have advice of counsel is another factor which can be taken into consideration in determining whether a confession is voluntary. In support of his contention the appellant cites Payne v. State of Arkansas, 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975; Spano v. People of State of New York, 360 U.S. 315, 79 S.Ct. 1202, 3 L.Ed.2d 1265; Blackburn v. State of Alabama, 361 U.S. 199, 80 S.Ct. 274, 4 L.Ed.2d 242; Reck v. Pate, 367 U.S. 433, 81 S.Ct. 1541, 6 L.Ed.2d

948; Culcombe v. Connecticut, 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037. In those cases the requests by the defendant for counsel were refused, or the defendants were held incommunicado for days, or were interrogated for many hours. None of those conditions appear here. Examined singly or collectively the appellant's objections presented under his attack on the admission into evidence of his confession are without merit. See Gallegos v. State of Colorado, supra.

■ Appellant under his second point protests that the admission into evidence of his confession was a violation of his right to counsel as gauranteed by the Sixth Amendment to the Constitution of the United States. The appellant argues that he had not effectively waived this right prior to making the so-called involuntary confession. Appellant relies on Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) which we recognized in State v. Gammons, 76 N.M. 85, 412 P.2d 256. In Gammons we interpreted Escobedo narrowly and did not apply it where the facts differed materially. We note that the appellant was advised of his right to remain silent and of his right to call an attorney while enroute to the sheriff's office and he was also offered the use of a telephone book to call an attorney. The appellant refused. The appellant was advised again of his right to counsel and of his right to remain silent by the assistant district attorney before his confession was signed. The trial in this case occurred before June 13, 1966, hence the more strict rule of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, was not in effect. See Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. The totality of the circumstances does not require exclusion of the confession. See Gallegos v. State of Colorado, supra; State v. Ortega, supra.

■ The appellant's final point is that he was entitled to an instruction on manslaughter because there was evidence that he acted without deliberate intention to kill his former wife, without a wicked and malignant heart, with considerable provocation, and in the heat of passion. In State v. Nevares, 36 N.M. 41, 7 P.2d 933 we stated:

" * * * Mere sudden anger or heat of passion will not reduce the killing from murder to manslaughter. There must be adequate provocation. The one without the other will not suffice to effect the reduction in the grade of the offense.

The two elements must concur. * * *"

See also State v. Young, 51 N.M. 77, 178 P.2d 592. The acts of the victim immediately prior to the time when she was killed consisted of consenting to an act of sexual intercourse with the appellant, consenting to his request to share the bed for the remainder of the night, and then she began to weep. The trial court instructed on first

and second degree murder. Compare, State v. Ortega, supra. We find no error in the instructions. The judgment will be affirmed.

It is so ordered.

CHAVEZ, C. J., and NOBLE, MOISE and COMPTON, JJ., concur.