**Lee Roy ORTIZ, Appellant,**

**v.**

**J. E. BAKER, Warden, Appellee.**

**No. 10125.**

United States Court of Appeals
Tenth Circuit.

May 26, 1969.

**264**

Ronald K. Griffith, Denver, Colo. (Yegge, Hall, Treece & Evans, Denver, Colo., were with him on the brief), for appellant.

Joseph F. Baca, Sp. Asst. Atty. Gen. (James A. Maloney, Atty. Gen., was with him on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

PER CURIAM.

The appellant, a state prisoner, contends that the district court erred in denying habeas relief without an evidentiary hearing. At a pre-Miranda jury trial in a New Mexico state court, he was found guilty of first-degree murder and sentenced to life imprisonment. The conviction was affirmed by the New Mexico Supreme Court. State v. Ortiz, 77 N.M. 316, 422 P.2d 355.

A confession was introduced at the state trial. Prior to its introduction, the state court held a hearing out of the presence of the jury to determine its admissibility. The defense called two doctors, one of whom was a psychiatrist. The defendant himself testified. Full and complete opportunity was given to develop all the facts, including the mental competency of the accused. The record so made was reviewed by the state Supreme Court which held that the confession was properly received.

The argument now presented is that the accused was not mentally competent to either waive counsel or make a voluntary confession. Attack is made on the reasoning of the state trial court and the generality of its findings. Whatever problems may have arisen therefrom were removed by the state Supreme Court which considered and rejected the claims of mental incompetency.

█ The federal habeas court considered the record in the state proceedings, including the trial transcript, and concluded that all the factual allegations of the habeas petition were "accorded a full and fair hearing in the state proceedings and were resolved on the merits." We have reviewed the same record and we agree. The state court hearing met the requirements of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, and of 28 U.S.C. § 2254(d). The factual determinations of the state courts are fairly supported by the record. No showing is made that the material facts were not adequately developed at the state hearing. In the circumstances no evidentiary hearing was required in the habeas court. Maxwell v. Turner, 10 Cir., 411 F.2d 805.

█ The attack on the instructions raises no federal constitutional question. See Poulson v. Turner, 10 Cir., 359 F.2d 588, 591, and Linebarger v. Oklahoma, 10 Cir., 404 F.2d 1092, 1095.

Affirmed.