474 P.2d 83

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Gilbert RAEL, Defendant-Appellant.**

No. 481.

Court of Appeals of New Mexico.

Aug. 14, 1970.

George H. Perez, Albuquerque, for defendant-appellant.

James A. Maloney, Atty. Gen., Justin Reid, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Judge.

Defendant appeals his conviction of sodomy and aggravated assault. Sections 40A–9–6 and 40A–3–2, N.M.S.A.1953 (Repl. Vol. 6). There are two issues: (1) the refusal to suppress defendant's statement and (2) a refused instruction.

*Refusal to suppress statement.*

Defendant made a statement to the police that, in effect, was a confession. He moved to suppress the statement prior to trial. The trial court held an evidentiary hearing, ruled that the statement would not be suppressed and that upon a proper foundation being laid, would be submitted to the jury at trial.

Defendant contends the trial court erred, as a matter of law, in refusing to suppress the statement. He claims the statement was involuntary under the "totality of the circumstances." State v. Ortiz, 77 N.M. 316, 422 P.2d 355 (1967); State v. Ortega, 77 N.M. 7, 419 P.2d 219 (1966); see State v. Beachum, 78 N.M. 390, 432 P.2d 101 (1967), cert. denied 392 U.S. 911, 88 S.Ct. 2068, 20 L.Ed.2d 1369 (1968); compare State v. Reid, 79 N.M. 213, 441 P.2d 742 (1968).

The circumstances on which defendant relies are: (a) the length of time he was interrogated prior to making the statement; (b) the lack of opportunity to consult with an attorney prior to making the statement; and (c) the fact that he made the statement before being taken before a magistrate.

The only evidence at the hearing on the motion was the testimony of a police officer. The officer testified that defendant was arrested between 4:30 and 5:00 p. m., was advised of his constitutional rights, was taken to the police station, was questioned and again advised of his rights before making a statement. Defendant made

his statement at 8:30 p. m. The evidence is that defendant was not "* * * under questioning at all times * * *", that he was "* * * both in and out of the cell. * * *" The uncontradicted record is that defendant was advised of his right to have an attorney present and that if he didn't have the money to pay for an attorney one would be furnished him free of charge. The testimony is that defendant indicated he understood the advice given to him.

The foregoing testimony was repeated at trial. In addition, at trial, the officer testified that defendant "* * * was asked if he wanted to have a lawyer present and he said no, he'd go ahead and talk to us without the presence of his attorney."

■ The foregoing evidence does not compel a conclusion that defendant was questioned continuously for three and one-half hours, or that he had no opportunity to have an attorney present. The evidence does not require a conclusion that defendant's will was overborne at the time he gave his statement. State v. Ortiz, supra; see State v. Reid, supra. Under the circumstances here, the elapsed time from arrest to giving the statement and the absence of counsel during that time does not require a holding that the statement was involuntary. State v. Beachum, supra; State v. Ortiz, supra; State v. Ortega, supra.

■ The record shows that defendant was not taken before a magistrate until the following morning. Thus, it supports the contention that defendant gave his statement prior to appearing before the magistrate. The statement having been held to be voluntary by the trial court, and the evidence at the motion hearing not requiring a contrary conclusion, the fact that the statement was made prior to defendant's appearance before a magistrate did not require that the statement be suppressed. State v. Minor, 78 N.M. 680, 437 P.2d 141 (1968); State v. Gray, 80 N.M. 751, 461 P. 2d 233 (Ct.App.1969).

None of defendant's contentions, considered singly or in combination, required the suppression of defendant's statement. State v. Ortiz, supra. The authorities re-lied on by defendant, most of which are cited in State v. Ortiz, supra, do not require a contrary result.

*The refused instruction.*

■ Defendant requested an instruction concerning the consideration the jury was to give to defendant's statement. In objecting to the court's refusal to give the requested instruction, he stated: "* * * it is a correct statement of the law in respect to the voluntariness of a confession and would have better informed the jury than the instruction given by the Court on this point."

Four instructions were given concerning the voluntariness of the statement and how the jury was to consider it. The jury having been fully instructed as to each element of defendant's requested instruction supported by the evidence, it was not error to refuse the requested instruction. State v. Mora, 81 N.M. 631, 471 P.2d 201, decided May 28, 1970; State v. Mc-Ferran, 80 N.M. 622, 459 P.2d 148 (Ct.App. 1969).

■ Defendant also argues that the jury was not instructed on the effect to be given the statement if they found defendant was insane at the time of giving the statement. See State v. Padilla, 66 N.M. 289, 347 P.2d 312 (1959). We assume, but do not decide, there is evidence that defendant was legally insane when he gave his statement. However, his requested instruction did not cover this issue. The issue was never presented to the trial court. An instruction covering this issue not having been presented to the trial court, it cannot be first raised on appeal. State v. Ramirez, 79 N.M. 475, 444 P.2d 986 (1968); State v. Selgado, 76 N.M. 187, 413 P.2d 469 (1966); see State v. Duran, 80 N.M. 406, 456 P.2d 880 (Ct.App. 1969). The requested instruction did go to defendant's mental condition at the time of making the statement, however, the instructions given by the court covered the concept of "mental condition."

The judgment of conviction is affirmed.

It is so ordered.

OMAN and HENDLEY, JJ., concur.