**STATE of Iowa, Appellee,**

v.

**Harold Raymond WILSON, Appellant.**

**No. 60352.**

Supreme Court of Iowa.

April 19, 1978.

Philip F. Miller, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., and Ray A. Fenton, County Atty., for appellee.

Considered by MOORE, C. J., and MASON, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his conviction by jury and sentences on separate counts of delivery of heroin and cocaine in violation of § 204.401(1), The Code. The only question presented is whether the trial court erred in overruling his pretrial motion to suppress evidence of a remark made to officers shortly after his arrest that he was "glad he had gotten caught" or that "it was over with." He asserts the remark was involuntary because he was under the influence of heroin when he made it. We affirm the trial court.

The only evidence in the suppression hearing was the testimony of Jerry Jones, one of the arresting officers. He testified that officers were waiting at defendant's southeast Des Moines home to arrest him on the occasion involved. Defendant drove there, was arrested and waited in the living room of the home on a davenport while officers carried out a search of the premises pursuant to a warrant. Jones testified that defendant was coherent and calm. When defendant was given his *Miranda* warnings, he was asked if he understood each of his rights and he said he did. Jones thought defendant was sufficiently alert to understand what was happening.

However, defendant appeared drowsy and lay down for a few minutes on the davenport where he had been sitting. His eyes were glassy and he looked a "little spacey", leading officer Jones to believe he was under the influence of a drug, possibly heroin. During this period defendant made the remark the admissibility of which he now challenges. The remark was not made in response to interrogation or other inducement by the officers.

Relevant principles are explained in *Blackburn v. Alabama*, 361 U.S. 199, 80 S.Ct. 274, 4 L.Ed.2d 242 (1960) and *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). One is determinative here. The mere fact one is under the influence of a drug at the time of making an inculpatory statement does not render the statement involuntary, although it is a

proper factor for the jury to consider in weighing the evidence. *State v. Rank*, 214 N.W.2d 136, 139 (Iowa 1974).

For additional recognition of this principle see *Wolfe v. Nash*, 313 F.2d 393 (8 Cir.), cert. denied, 374 U.S. 817, 83 S.Ct. 1713, 10 L.Ed.2d 1041 (1963); *Fields v. State*, 232 Ga. 723, 208 S.E.2d 822 (1974); *People v. Delgado*, 30 Ill.App.3d 890, 333 N.E.2d 633 (1975); *State v. Manuel*, 253 La. 195, 217 So.2d 369 (1968); *Hopkins v. State*, 19 Md. App. 414, 311 A.2d 483 (1973); *State v. Hoskins*, 292 Minn. 111, 193 N.W.2d 802 (1972); *Robinson v. State*, 312 So.2d 15 (Miss.1975); *State v. Ortiz*, 77 N.M. 316, 422 P.2d 355 (1967); *People v. Adams*, 26 N.Y.2d 129, 309 N.Y.S.2d 145, 257 N.E.2d 610, cert. denied, 399 U.S. 931, 90 S.Ct. 2262, 26 L.Ed.2d 800 (1970); *McCoy v. State*, 534 P.2d 1317 (Okl.Cr.1975); *Commonwealth v. Smith*, 447 Pa. 457, 291 A.2d 103 (1972); Annot., 69 A.L.R.2d 361; 29 Am.Jur.2d Evidence § 578. *Beecher v. Alabama*, 408 U.S. 234, 92 S.Ct. 2282, 33 L.Ed.2d 317 (1972), relied on by defendant, included evidence of coercion, none of which exists in this case, and was decided on that basis. It is not controlling here.

We agree with the trial court that the State met its burden to show defendant's remark was voluntary.

AFFIRMED.