STATE of Iowa, Appellee,

v.

Larry Elden EDMAN, Appellant.

88–955.

Supreme Court of Iowa.

Feb. 21, 1990.

Raymond E. Rogers, State Appellate Defender, and Shari Barron, Asst. State Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Charles J. Krogmeier, Sp. Asst. Atty. Gen., and Mark Hunacek, Asst. Atty. Gen., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, NEUMAN, and ANDREASEN, JJ.

NEUMAN, Justice.

This is an appeal from defendant Larry Elden Edman's criminal convictions for operating while intoxicated, third offense, and driving while barred. On an evenly

divided vote, the court of appeals affirmed the convictions by operation of law. We granted defendant's petition for further review and now affirm.

Two issues are raised on further review: (1) whether the trial court abused its discretion by admitting evidence of test results for horizontal gaze nystagmus; and (2) whether the trial court erred in overruling defendant's motion to suppress evidence of statements made by Edman at the time of his arrest. Because of the constitutional dimension of Edman's second issue, we review the record de novo and make "our own independent evaluation of the totality of the relevant circumstances." *State v. Vincik*, 398 N.W.2d 788, 789 (Iowa 1987).

On July 25, 1987, at approximately 3:45 a.m., Iowa State Trooper Jerry Anderson observed Edman's pickup truck weaving from shoulder to shoulder as it proceeded along Interstate 80 near the Marengo exit. The truck was traveling at only forty miles per hour when the trooper stopped it. When Edman stepped out of the truck, the trooper noticed that he was unsteady on his feet and smelled strongly of alcohol. When asked whether he would perform field sobriety tests, Edman refused, stating, "I've had too much to drink," "I'm not going to make a fool out of myself," and "I'm just looking for a place to rest."

The trooper placed Edman under arrest, read him his *Miranda* rights, and transported him to the county jail. There Edman was offered, and refused, a breath test. After again being informed of his *Miranda* rights, Edman answered a series of questions concerning what, how much, and when he had been drinking prior to his arrest. The trooper also administered a test for horizontal gaze nystagmus which Edman failed. Further facts will be detailed as they pertain to the issues under review.

■ A. *Test for Horizontal Gaze Nystagmus.* In *State v. Murphy*, 451 N.W.2d 154 (Iowa 1990), this court concluded that the horizontal gaze nystagmus test, or HGN, is one of three field sobriety tests recognized by law enforcement officers in Iowa and elsewhere as a reliable indicator of intoxication. Because the test may be easily administered and its results objectively recorded by a properly trained officer, it is unnecessary to establish the foundation for such evidence through scientific testimony. *Id.* at 156.

■ The record before us reveals that Trooper Anderson is a twenty-year veteran of the Iowa State Highway Patrol. He was instructed on the use of the horizontal gaze nystagmus test as part of a department-sponsored program of education (led by medical doctors) that has been implemented statewide. His testimony with regard to the administration of the test and the recording of results parallels the testimony we found admissible in *Murphy*. No abuse of the trial court's broad discretion in the admission of such evidence has been shown.

■ B. *Admissibility of Inculpatory Statements.* Edman assigns error to the trial court's refusal to sustain his motion to suppress incriminating answers he gave the arresting officer while in custody at the Iowa County jail. Among other things, Edman admitted he had been drinking while driving and that he felt the effect of the beer he had drunk. Edman contends that the State has failed to carry its burden of proving that the statements were the product of a knowing, voluntary, and intelligent waiver of his *Miranda* rights. Having independently examined the circumstances surrounding Edman's statements, however, we reach the same contrary conclusion as the trial court.

■ Being "under the influence" does not, standing alone, render inculpatory statements involuntary. *State v. Wilson*, 264 N.W.2d 614, 614 (Iowa 1978). The defendant's insobriety is merely one factor to be considered in the "totality of circumstances" surrounding the confession that includes the "characteristics of the accused and the details of the interrogation process." *State v. Cullison*, 227 N.W.2d 121, 127 (Iowa 1975). Where a defendant is custodially interrogated without the presence of counsel, the State carries the burden of proving—by a preponderance of the

evidence—that the statement was voluntary. *Id.* The determination of voluntariness turns on the crucial question of whether the defendant's will was overborne. *Id.* at 129.

The State has met its burden here. Although the trooper testified that Edman was as drunk a driver as he had ever seen, the trooper also testified that Edman made it plain that he had been arrested before, knew what was going on, and consciously refused to cooperate in the field sobriety testing. Though unwilling to perform tests, Edman did not object to answering questions. The trooper advised him that he did not have to do so, and Edman does not now contest that he was not so advised. He merely asserts that he did not *really* understand the importance of consulting counsel before making damaging admissions. At the same time, Edman insists he was not intoxicated while driving or, implicitly, while answering the trooper's questions.

Edman cannot have it both ways. The evidence reveals that he was advised, at least twice, of his right to remain silent. Neither the trooper's nor Edman's testimony suggests that Edman's insobriety or the circumstances surrounding his arrest worked to undermine his will so as to compel him to respond to questions which he would not otherwise have freely answered. No ground for reversal of Edman's conviction appears.

DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.