# IN THE COURT OF APPEALS OF IOWA

No. 19-0544
Filed November 4, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**FELIX QUINTERO-LABRADA,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Jeffrey L. Harris, District Associate Judge.

        Defendant appeals his convictions of operating while intoxicated and possession of a fictitious identification card. **AFFIRMED.**

        Webb L. Wassmer of Wassmer Law Office, PLC, Marion, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

        Considered by Bower, C.J., Ahlers, J., and Danilson, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**DANILSON, Senior Judge.**

Felix Quintero-Labrada appeals his convictions of operating while intoxicated (OWI) and possession of a fictitious identification card. We conclude the district court properly denied Quintero-Labrada's motion to suppress evidence of field sobriety tests. As there was neither custody nor interrogation of Quintero-Labrada, we conclude a *Miranda* warning was not required at the time he performed the field sobriety tests. He has not shown he received ineffective assistance of counsel. Quintero-Labrada's convictions are supported by substantial evidence in the record. We affirm Quintero-Labrada's convictions.

### I. Background Facts & Proceedings

At about 3:00 a.m. on October 31, 2018, Officer Nick Weber of the Waterloo Police Department was on patrol when he "observed a vehicle severely swerving over the dotted yellow line. The vehicle also stopped at a green light." Officer Weber stopped the vehicle, which was driven by Quintero-Labrada. Quintero-Labrada had bloodshot, watery eyes and an odor of alcoholic beverages. He stated "he had a little bit" to drink. He had slurred speech. When he exited his vehicle, he exhibited an unsteady balance.

Quintero-Labrada's first language is Spanish. Officer Weber stated it was obvious English was not Quintero-Labrada's first language. The officer described in English the field sobriety tests he wanted the defendant to perform. Officer Weber testified Quintero-Labrada seemed to be able to follow basic instructions in English. At the completion of the tests, Officer Weber arrested Quintero-Labrada.

A police report states:

> The defendant's finger prints were sent to the FBI for positive identification. The defendant did possess an Illinois non-driver ID with an incorrect birth date. Officers also attempted to run the [operator license number] on the Illinois ID but the number would not return through Illinois. The defendant is being charged with possession of a fictitious identification.

Quintero-Labrada was charged with OWI, in violation of Iowa Code section 321J.2(1) and (2)(a) (2018), and possession of a fictitious license, identification card, or form, in violation of section 321.216A(3).

Quintero-Labrada filed a motion to suppress. The State agreed the result of Quintero-Labrada's breath test should be suppressed based on *State v. Garcia*, 756 N.W.2d 216, 222 (Iowa 2008). Also, the results of a preliminary breath test were not admissible under section 321J.5. After a hearing, the district court denied Quintero-Labrada's request to suppress evidence of the field sobriety tests or his statements to officers.

Quintero-Labrada waived his right to a jury trial and agreed to a bench trial based on the minutes of evidence. The court considered the minutes filed on November 7 but not additional minutes filed on November 21, as the later minutes were not approved by a judicial officer. The court took note of two police reports and an incident report, finding they "present compelling matters surrounding the charged offenses in this matter." The court stated, "The various reports and documents filed with the [m]inutes of [t]estimony, as presented, support defendant's conviction on the charged offenses." The court found Quintero-Labrada guilty of OWI and possession of a fictitious license, identification card, or form. Quintero-Labrada appeals.

## II. Motion to Suppress

Quintero-Labrada contends the district court should have suppressed the evidence of his field sobriety tests and his statements to officers. "When a defendant challenges a district court's denial of a motion to suppress based upon the deprivation of a state or federal constitutional right, our standard of review is de novo." *State v. Storm*, 898 N.W.2d 140, 144 (Iowa 2017) (citation omitted). After looking at the entire record, we "make 'an independent evaluation of the totality of the circumstances.'" *Id.* (citation omitted). "We give deference to the district court's fact findings due to its opportunity to assess the credibility of the witnesses, but we are not bound by those findings." *Id.* (quoting *State v. Brown*, 890 N.W.2d 315, 321 (Iowa 2017)).

**A.** Quintero-Labrada claims the officer did not adequately communicate the instructions for the field sobriety tests to him. He relies on *Garcia*, which provides:

> We adopt a reasonableness standard, which requires a law enforcement officer who has asked a person suspected of driving under the influence of alcohol to submit to chemical testing, under the circumstances facing the officer at the time of the arrest, to utilize those methods which are reasonable and would reasonably convey Iowa's implied consent warnings.

756 N.W.2d at 223. The court also stated, "Although making an interpreter available when possible is desirable, finding an interpreter is not absolutely necessary and should not 'interfere with the evidence-gathering purposes of the implied consent statute.'" *Id.* at 222 (citation omitted).

The rule in *Garcia* applies to an officer's communication concerning the implied consent advisory. *See State v. Lukins*, 846 N.W.2d 902, 908 (Iowa 2014)

(stating *Garcia* held that "[a] peace officer need only use reasonable methods, under the circumstances, to convey to a drunk-driving suspect the implied consent warnings"); *State v. Fischer*, 785 N.W.2d 697, 701 (Iowa 2010) (noting the court "adopted a reasonableness standard for the methods to be used by law enforcement officers to convey the advisory"). Quintero-Labrada has not cited to any cases where the rule in *Garcia* was applied to field sobriety tests.

In a case where a defendant claimed "field sobriety tests were not admissible because they were improperly administered," "we conclude[d] that any inconsistencies in administering the field sobriety tests affect the weight to be accorded to the results, rather than their admissibility." *State v. Sitzmann*, No. 04-1212, 2005 WL 2477991, at *3 (Iowa Ct. App. Dec. 21, 2005) (citing *State v. Murphy*, 451 N.W.2d 154, 157 (Iowa 1990)). "Courts have broad discretion in determining the admissibility of evidence regarding field sobriety tests." *Id.* (citing *State v. Edman*, 452 N.W.2d 169, 170 (Iowa 1990)).

We conclude the district court properly denied Quintero-Labrada's motion to suppress evidence of the field sobriety tests.

**B.** Quintero-Labrada also claims he was in custody and should have been informed of his *Miranda* rights before the field sobriety tests were administered. In *Miranda v. Arizona*, 384 U.S. 436, 478–79 (1966), the United States Supreme Court held that before a person who is in custody may be interrogated, the person must be advised of certain constitutional rights. The Court determined a person was not in custody when "a single police officer asked respondent a modest number of questions and requested him to perform a simple

balancing test at a location visible to passing motorists." *Berkemer v. McCarty*, 468 U.S. 420, 442 (1984).

Our supreme court found a person was not in custody when asked to perform field sobriety tests, allowing the admission of the results of the field sobriety tests into evidence. *In re S.C.S.*, 454 N.W.2d 810, 814 (Iowa 1990). In addition, we have stated an officer is not required to inform a person of their *Miranda* rights prior to requesting the performance of field sobriety tests because the situation did not involve interrogation. *State v. Schultz*, No. 03-1163, 2004 WL 1854158, at *3 (Iowa Ct. App. July 14, 2004). As there was neither custody nor interrogation of defendant, we conclude a *Miranda* warning was not required. *See State v. Countryman*, 572 N.W.2d 553, 557 (Iowa 1997) ("*Miranda* warnings are not required unless there is both custody and interrogation."). We affirm the district court's denial of the motion to suppress on this ground.

### III.    Ineffective Assistance

The minutes of evidence contain a statement that Quintero-Labrada was given a chemical breath test showing he had a blood alcohol level of .151. The police reports also state he was given a preliminary breath test that indicated a blood alcohol level greater than .08. The State conceded the results of the preliminary breath test and the chemical breath test were not admissible. *See* Iowa Code § 321J.5; *Garcia*, 756 N.W.2d at 222. Quintero-Labrada claims he received ineffective assistance[1] because defense counsel did not object to this

---

[1] "The Iowa Code no longer permits claims of ineffective assistance of counsel to be decided on direct appeal, *see* 2019 Iowa Acts ch. 140, § 31 (to be codified at Iowa Code § 814.7 (2020))," however that "provision 'do[es] not apply to a direct appeal from a judgment and sentence entered before July 1, 2019.'" *State v.*

evidence at the bench trial based on the minutes. He asserts the court relied on the entirety of the minutes.

We conduct a de novo review of claims of ineffective assistance of counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). To establish a claim of ineffective assistance of counsel, a defendant must prove: (1) counsel failed to perform an essential duty and (2) the failure resulted in prejudice. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). "We presume counsel performed competently unless the claimant proves otherwise by a preponderance of the evidence." *State v. Booth-Harris*, 942 N.W.2d 562, 577 (Iowa 2020).

Quintero-Labrada has the burden of proving by a preponderance of the evidence both prongs of his claim of ineffective assistance of counsel. *See Nguyen v. State*, 878 N.W.2d 744, 752 (Iowa 2016). The same judge ruled on the motion to suppress and considered the minutes in the bench trial. The court was aware of its previous ruling. The order after the bench trial does not specifically mention the preliminary breath test or the chemical breath test. However, as we have noted, the district court considered and found supportive, the two police reports and incident report attached to, and made a part of, the minutes of evidence. These reports provide details in regard to the preliminary breath test and chemical breath test, including the results obtained. Notwithstanding, we decline to accept Quintero-Labrada's speculation that the same judge relied upon the tests and their results where, only thirteen days earlier, the district court ruled

---

*Kuhse*, 937 N.W.2d 622, 627 (Iowa 2020) (quoting *State v. Macke,* 933 N.W.2d 226, 228 (Iowa 2019)). The district court entered judgment and sentence in this case on March 20, 2019.

the evidence inadmissible and did not specifically recite any reference to the two tests in its ruling after the bench trial. There is a presumption of regularity that attaches to final judgments. *See State v. Majeres*, 722 N.W.2d 179, 182 (Iowa 2006) (citing *Parke v. Raley*, 506 U.S. 20, 31 (1992)). To overcome the presumption of regularity, Quintero-Labrada would need to make an affirmative showing the court relied on previously suppressed evidence. *See State v. Johnson*, 481 N.W.2d 541, 544 (Iowa Ct. App. 1991).

Quintero-Labrada's speculative musings that the court *might* have considered evidence the court was aware had been suppressed is not sufficient to meet his burden of proof to show he received ineffective assistance based on counsel's failure to object. *See State v. Nebinger*, 412 N.W.2d 180, 193 (Iowa Ct. App. 1987) ("Such speculation falls far short of the type of showing required by our ineffective assistance cases.").

Moreover, Quintero-Labrada cannot show he was prejudiced by counsel's conduct. Even if we give no consideration to the inadmissible tests and test results, all remaining evidence discussed in the court's ruling supports the court's conclusions. Thus, the result of the court's ruling would not be different if counsel had objected to the evidence at the time of the bench trial, and no prejudice resulted. Accordingly, we conclude Quintero-Labrada has failed to show he received ineffective assistance of counsel.

## IV. Sufficiency of the Evidence

On sufficiency-of-the-evidence claims, our review is for the correction of errors of law. *State v. Folkers,* 941 N.W.2d 337, 338 (Iowa 2020). "The district court's findings of guilt are binding on appeal if supported by substantial evidence.

Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* (citation omitted).

**A.** Quintero-Labrada asserts there is not sufficient evidence in the record to support his conviction of OWI. He correctly points out the results of the preliminary breath test and the chemical breath test should not be considered. He again contends the evidence of the field sobriety tests should not be considered. However, we have already rejected his arguments on this issue.

Quintero-Labrada had bloodshot, watery eyes, an odor of alcoholic beverages, slurred speech, and an unsteady balance. These are all common indicia of intoxication. *See State v. Morgan*, 877 N.W.2d 133, 137 (Iowa Ct. App. 2016) ("[C]ommon indicia of intoxication include an odor of alcohol, bloodshot and watery eyes, slurred speech, and an uncooperative attitude." (quoting 61A C.J.S. *Motor Vehicles* § 1518 (2016))). He was driving his vehicle in a manner in which he severely swerved over the dotted yellow line and stopped at a green light. He told officers "he had a little bit" to drink. We conclude there is substantial evidence in the record to support Quintero-Labrada's conviction of OWI.

**B.** Quintero-Labrada claims there is not sufficient evidence to show he possessed a fictitious identification card. He was charged with violating section 321.216A(3), which provides that a person may not "[o]btain, possess, or have in the person's control or on the person's premises, a driver's license or a nonoperator's identification card, . . . which has been made by a person having no authority or right to make the license, card, or form."

Quintero-Labrada had an Illinois non-driver identification card. He contends that the State did not adequately prove this card was "made by a person having

no authority or right to make" it. *See* Iowa Code § 321.216A(3). The evidence on this issue showed the Illinois non-driver identification card for Quintero-Labrada had an incorrect birth date. Also, "Officers also attempted to run the [operator license number] on the Illinois ID but the number would not return through Illinois." The district court, as the fact finder, could infer and conclude the Illinois non-driver identification card was fictitious, meaning the person who made the card did not have the authority to make it. *See State v. Roberts*, No. 10-1952, 2011 WL 5394408, at *2 (Iowa Ct. App. Nov. 9, 2011) (discussing using a fictitious name to obtain a driver's license and stating "[t]he evidence presented was sufficient from which a rational juror could infer and conclude beyond a reasonable doubt that [the defendant] knew the statement was false"). We find there is sufficient evidence to show Quintero-Labrada possessed a fictitious identification card.

We affirm Quintero-Labrada's convictions.

**AFFIRMED.**